# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12-cv-2325 | **DATE** | 4/11/12 |
| **CASE TITLE** | Conroy v. Chicago Police Department | | |

**DOCKET ENTRY TEXT**

Plaintiff's Complaint fails to state a claim for relief. Accordingly, the Complaint is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and Plaintiff's *In Forma Pauperis Application* [4] is denied. Plaintiff's Motion for Appointment of Counsel [5] is therefore denied as moot. Plaintiff still remains obligated to pay the full filing fee of $350. Before pursuing any future litigation, Plaintiff must pay any and all outstanding fees. See statement below.

■[ For further details see text below.]            Docketing to mail notices.

## STATEMENT

    On March 5, 2012, Plaintiff Neal Conroy filed a Complaint with an application to proceed without paying the customary $350 filing fee. Plaintiff's Complaint alleges that during the course of his arrest by the Chicago Police Department, a "level II vest" Plaintiff wore was taken and later destroyed by the Chicago Police Department. Plaintiff sought recovery of the vest or monetary damages, amounting to the value of this vest. This Complaint was dismissed on March 21, 2012, for failure to state a claim upon which relief may be granted. Despite this ruling, Plaintiff Conroy has filed another Complaint, alleging the exact same facts, as well as the facts of an entirely separate and unrelated incident, involving what he claims was the illegal taking of a road flare Plaintiff possessed at the time of one of his arrests. Nothing in Plaintiff's confusing and rambling "stories" (as he describes them) identify a claim whereby the Plaintiff is entitled to relief under the law. Plaintiff's claims are wholly without merit, and Plaintiff has also failed to provide any jurisdictional basis to support his claims.

    If a court is presented with a case submitted with a request to proceed *in forma pauperis*, the court will dismiss the case if it determines the action fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The court applies the same standard it would use to rule on a Rule 12(b)(6) motion to dismiss. *See DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000). The court views the complaint's allegations in a light most favorable to the plaintiff, draws all reasonable inferences in favor of the plaintiff, and takes as true all well-pleaded facts and allegations in the complaint. *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010). Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to provide the defendant with fair notice of the plaintiff's claims and the grounds upon which they rest. *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007) (*Twombly*). To survive a motion to dismiss, the plaintiff's claim must be plausible, and the factual allegations of the complaint must be "enough to raise a right to relief above the speculative level." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555).

## STATEMENT

Furthermore, if a case is filed before a court with a request to proceed *in forma pauperis*, the court shall dismiss the case at any time if the court determines that the action is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). "The term 'frivolous' is used to denote not only a claim wholly lacking in merit but also a suit that, for whatever reason, clearly can't be maintained. The reason might be jurisdictional." *Okoro v. Bohman*, 164 F.3d 1059, 1063 (7th Cir. 1999).

Even affording Plaintiff's *Pro Se* Complaint a liberal reading, it would not survive a motion to dismiss because it fails to state any sufficient claim for relief against the Defendant, and Plaintiff submits no legal authority to support his Complaint. Beyond this, Plaintiff's allegations are patently frivolous and without merit. As Plaintiff stated in his first, dismissed Complaint, and again in this present Complaint, he is "not here to make legal arguments, only moral arguments." (Compl. at 15.) Plaintiff has submitted no legal basis to support his claim and fails to provide the defendant (or the Court) with fair notice of the claims alleged and the grounds upon which they rest. Plaintiff has provided no legal or jurisdictional basis to support his claims, and they lack merit. Because of the frivolity and Plaintiff's continued inability to state a claim upon which relief may be granted, his *In Forma Pauperis* Application is denied, and his Complaint is dismissed.